# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| CDN INNOVATIONS, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SERCOMM CORPORATION,<br><br>　　　　　　Defendant. | Civil Action No. 6:23-cv-873<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff CDN Innovations, LLC ("CDN" or "Plaintiff"), for its Complaint against Defendant SerComm Corporation ("SerComm" or "Defendant"), alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### THE PARTIES

2. Plaintiff CDN is a limited liability company organized under the laws of the State Georgia with a place of business at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009.

3. On information and belief, Defendant SerComm is a Taiwanese corporation with its principal place of business at 8F, No. 3-1, YuanQu St. (Nankang Software Park), Taipei 115, Taiwan.

### JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has specific and general personal jurisdiction over Defendant pursuant to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, due at least to its business in this forum, including at least a portion of the infringements alleged herein and deriving substantial revenue from goods sold to Texas resident

7.     This Court has personal jurisdiction over SerComm. Upon information and belief, SerComm conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States. SerComm has purposefully directed infringing activities at residents of the State of Texas, and this litigation results from those infringing activities. For example, on information and belief, SerComm has displayed the Accused Products at trade shows in the State of Texas as shown by the following link https://www.sercomm.com/contpage.aspx?langid=1&type=news-detail&L1id=4&L2id=3&newsid=1144&pageid=1 (News->Events->AT&T Business Summit, November 4 ~ 7, 2019).

8.     SerComm also regularly sells (either directly or indirectly), its products within this district. For example, SerComm has placed infringing products into the stream of commerce via an established distribution channel, such as its partner internet service providers, with the knowledge or understanding that such products are being and will continue to be sold in this Judicial District and the State of Texas.

9.     SerComm has not contested personal jurisdiction in this judicial district in other cases. *See BE Labs, Inc. v. Sercomm Corp.*, 6:21-cv-72-ADA (W.D. Tex.), Dkt. 17 at ¶6 ("Sercomm does not presently contest the Court's personal jurisdiction over Sercomm for this specific action, but except as expressly admitted herein denies the remaining allegations of paragraph 6.") Wherein paragraph 6 of the complaint reads "This Court has personal jurisdiction

over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District." (Dkt. 1 at ¶6.)

10. Plaintiff's claims arise directly from Defendant's business contacts and other activities in the State of Texas and in the Western District of Texas.

11. Defendant is present within or have minimum contacts within the State of Texas and the Western District of Texas; Defendant has purposefully availed themselves of the privileges of conducting business the State of Texas and the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; and, Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas.

12. Defendant directly or through intermediaries, make, use, offer for sale, import, sell, advertise or distribute products and services in the United States, the State of Texas, and the Western District of Texas. Defendant has systematically and continuously harmed Plaintiff in this jurisdiction by infringing one or more claims of the patents in suit. The Court's exercise of jurisdiction over Defendant would not offend traditional notion of fair play and substantial justice.

13. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l(c)(3) which provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

14. On information and belief, SerComm also has significant ties to, and presence in, the State of Texas and the Western District of Texas, making venue in this judicial district both proper and convenient for this action.

15. SerComm has not contested venue in this judicial district is proper in other cases.

*See BE Labs, Inc. v. Sercomm Corp.*, 6:21-cv-72-ADA (W.D. Tex.), Dkt. 17 at ¶6 ("Sercomm does not presently contest venue in this District based upon Sercomm's status as a foreign corporation, but except as expressly admitted herein denies the remaining allegations of paragraph 7.") Wherein paragraph 7 of the complaint reads "Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district." (Dkt. 1 at ¶7.)

## BACKGROUND

*Detecting Port Inactivity*

16. Brian Gonsalves and Kenneth Roger Jones (hereinafter "the Inventors") are the inventors of U.S. Patent Nos. 7,293,291 ("the '291 patent") and 7,565,699 ("the '699 patent"). A true and correct copy of the '291 patent is attached as Exhibit A1. A true and correct copy of the '699 patent is attached as Exhibit B1.

17. The '291 and '699 patents resulted from the pioneering efforts of the Inventors in the area of computer network connections, particularly in the area of detecting computer port inactivity. These efforts resulted in the development of a method and system for detecting an idle or inactive data port connection on a personal computer in 2003.

## COUNT 1– INFRINGEMENT OF U.S. PATENT NO. 7,293,291

18. The allegations set forth in the foregoing paragraphs are incorporated into this Count.

19. On November 6, 2007, the '291 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity".

20. CDN is the assignee and owner of the right, title and interest in and to the '291

patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

21. Upon information and belief, SerComm has directly infringed one or more claims of the '291 patent during the relevant damages period by making, using (e.g., developing, testing, installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit A2 hereto (the "*Accused Port Triggering Instrumentalities*"). For example, upon information and belief, SerComm at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in United States.

22. Exemplary infringement analysis showing infringement of at least claims 9-17 of the '291 patent is set forth in Exhibit A2. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by SerComm with respect to the '291 patent. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '291 patent.

23. Upon information and belief, users of devices containing *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claims 9-17 of the '291 patent.

24. SerComm's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claims 9-17 of the '291 patent—constitutes inducement of others under 35 U.S.C. § 271(b). SerComm's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not only configured to enable port triggering but specifically intended for use of router products designed to utilize port triggering functionality.

25.     Upon information and belief, SerComm is also liable as a contributory infringer of the '291 patent under 35 U.S.C. § 271(c). SerComm offers to sell, sells and/or imports into the United States the *Accused Port Triggering Instrumentalities,* which are especially configured to enable router port forwarding/port triggering. SerComm's such activities, as shown in Exhibit A2, constitute an infringement of the '291 patent. The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '291 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

26.     The *Accused Port Triggering Instrumentality* infringed at least claims 9-17 of the '291 patent during the pendency of the '291 patent.

27.     Upon information and belief, SerComm had knowledge of the '291 patent at least as early as its receipt of Plaintiff's notice letter of April 23, 2023.

28.     CDN has been harmed by the SerComm's infringing activities.

## COUNT 2 – INFRINGEMENT OF U.S. PATENT NO. 7,565,699

29.     The allegations set forth in the foregoing paragraphs are incorporated into this Count.

30.     On July 21, 2009, the '699 patent was duly and legally issued by the United States Patent and Trademark Office under the title "System and method for detecting computer port inactivity".

31.     CDN is the assignee and owner of the right, title and interest in and to the '699 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

32.     Upon information and belief, SerComm has directly infringe one or more claims of the '699 patent during the relevant damages period by making, using (e.g., developing, testing,

installing or otherwise using) offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit B2 hereto (the "*Accused Port Triggering Instrumentalities*"). For example, upon information and belief, SerComm at least uses, sells and offers to sell the *Accused Port Triggering Instrumentalities* in United States.

33. Exemplary infringement analysis showing infringement of at least claim 9-15 of the '699 patent is set forth in Exhibit B2. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by SerComm with respect to the '699 patent.

34. CDN reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '699 patent.

35. Upon information and belief, users of devices containing *Accused Port Triggering Instrumentalities* have and will continue to directly infringe at least claims 9-15 of the '699 patent.

36. SerComm's encouragement of others to use the *Accused Port Triggering Instrumentalities*—knowing that such use, as alleged herein, infringes at least claims 9-15 of the '699 patent—constitutes inducement of others under 35 U.S.C. § 271(b). SerComm's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the *Accused Port Triggering Instrumentalities* are not only configured to enable port triggering but specifically intended for use of router products designed to utilize port triggering functionality.

37. Upon information and belief, SerComm is also liable as a contributory infringer of the '699 patent under 35 U.S.C. § 271(c). SerComm offers to sell, sells and/or imports into the United States the *Accused Port Triggering Instrumentalities, which are* especially configured to

enable router port forwarding/port triggering. SerComm's such activities, as shown in Exhibit A2, constitute an infringement of the '699 patent. The *Accused Port Triggering Instrumentalities* are material components for use in practicing the '699 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

38. The *Accused Port Triggering Instrumentality* infringed at least claims 9-15 of the '699 patent during the pendency of the '699 patent.

39. Upon information and belief, SerComm had knowledge of the '699 patent at least as early as its receipt of Plaintiff's notice letter of April 23, 2023.

40. CDN has been harmed by the SerComm's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CDN demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CDN demands judgment for itself and against SerComm as follows:

A. An adjudication that the SerComm has infringed the patents asserted herein;

B. An award of damages to be paid by SerComm adequate to compensate CDN for past infringement of the patents asserted herein, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CDN's reasonable attorneys' fees; and

D. An award to CDN of such further relief at law or in equity as the Court deems just

and proper.

Dated: December 21, 2023 /s/ James M. Lennon
Timothy Devlin (No. 4251)
tdevlin@devlinlawfirm.com
James M. Lennon (No. 4750)
jlennon@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Ave.
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
CDN Innovations, LLC